CLAFLIN (TOBEY v.). See Case No. 14,-066.

CLAFLIN (UNITED STATES v.). See Cases Nos. 14,798 and 14,799.

CLAFLIN v. WELLS. See Cases Nos. 17,-387 and 17,388.

## Case No. 2,778.

### CLAGETT et al. v. GIBSON.

[3 Cranch, C. C. 359.] [1]

Circuit Court, District of Columbia. Dec., 1828.

MANUMISSION IN FRAUD OF CREDITORS—WHO IS A CREDITOR—CLAIM FOR ALIMONY — EVIDENCE — PROCEEDINGS IN OTHER SUIT.

1. A feme covert, who has sued for alimony, is so far to be considered a creditor of her husband as to make it competent for her, in a suit by his slaves for freedom, to show that her husband's deed of manumission, made pending the suit for alimony, and while he was prohibited by injunction from conveying away his property, was made in fraud of her rights; although he had, at the date of the deed of manumission, other property, more than sufficient to pay all the equitable or legal debts due by him to his wife, and left enough to pay the amount due to her.

2. A deed of manumission, by the husband of his slaves, pending a suit by his wife for alimony, and made for the purpose of preventing her from recovering her claim, is fraudulent and void; but if only made to prevent her from obtaining, at his death, a distributive portion of his personal estate, such motive for making the deed is no ground for impeaching its validity.

[1] [Reported by Hon. William Cranch, Chief Judge.]

3. The proceedings in the suit for alimony are competent evidence for the defendant in the suit of the negroes for their freedom.

Petition for freedom. The defendant [Ann Gibson], while the widow of Abraham Young, married one Gerard Gibson. The petitioners [Phillis Clagett and her children] were her [defendant's] property at the time of her marriage with Gibson; and claimed their freedom under his deed of emancipation, dated October 31, 1826, duly acknowledged and recorded according to the Maryland act of 1796 (chapter 67, § 29), by which he emancipates them to be free after his death. The defendant had filed a petition to this court against Gibson, her husband, for alimony, and obtained an injunction on the 10th of July, 1826, to prevent him from conveying away his property. This suit for alimony was pending at the date of the deed of manumission. He died in the following year.

Mr. Key, for defendant, offered in evidence the transcript of the record in the suit for alimony, in order to show that the deed was made to prevent the defendant from obtaining a sentence for alimony.

Mr. Elkins and Mr. Coxe, for petitioner, objected that it was res inter alios acta.

THE COURT (nem. con.) permitted the record to be read in evidence only to show the existence and pendency of the suit for alimony.

Mr. Jones, for defendant, contended that the defendant must be considered as a creditor of her husband, (having sued for alimony,) at the date of the deed of emancipation, and that the deed, being made in fraud of her rights, was void; and being "in prejudice of" a creditor, was also void as to her under the 29th section of the act of 1796 (chapter 67). By filing the bill, she had a lien on all his property for her separate maintenance.

Mr. Coxe, contra. By a manumission by deed, the right of freedom vests instanter, although to take effect in futuro. It is otherwise in emancipation by will. The order for alimony was not made until the following March. The decree is only in personam; it created no lien on the property.

THE COURT (THRUSTON, Circuit Judge, contra) was of opinion, that the wife, at the date of the deed of manumission, ought to be considered as a creditor in equity, and it was therefore competent for her to show that the deed was made in fraud of her rights. She had a right to maintenance; she had claimed it in her petition; and whether it would be granted or not, was immaterial.

THE COURT also, at the prayer of the defendant's counsel, instructed the jury, that if they should be satisfied by the evidence that Gerard Gibson made the deed of manumission while the claim of his wife for alimony was pending, and for the purpose of preventing her from recovering her said claim, then such deed of manumission was fraudulent and void, and the petitioners are not entitled to their freedom under the said deed. But if the jury shall believe, from the evidence, that he made the said deed with the view of preventing her from obtaining, at his death, a distributive portion of his said property, such motive for making the said deed, is no ground for impeaching its validity.

Verdict for the defendant.